UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

JULIAN DeCARLO,         )
                        )
    Movant,             )
                        )
v.                      )    Case No. CV407-097
                        )
UNITED STATES OF AMERICA,)
                        )
    Respondent.         )

## REPORT AND RECOMMENDATION

Julian DeCarlo has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government has responded in opposition to the motion. (Doc. 5.)

## I. BACKGROUND

On April 3, 2003, a federal grand jury indicted Julian DeCarlo, Lamont Wendell Smith, and Fabian Roger Fox, charging all defendants with one count of conspiracy to distribute

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV407-097. "Cr. Doc." refers to documents filed under movant's criminal case, CR403-091.

approximately seven kilograms of cocaine hydrochloride in violation of 21 U.S.C. § 846 and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924. (Cr. Doc. 1.) A superseding indictment, filed on June 5, 2003, charged all defendants with one count of conspiracy to distribute approximately 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. § 846 and § 841(a)(1) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Cr. Doc. 65.)

Defendant Fox pled guilty, and DeCarlo and Smith proceeded to trial. (Cr. Docs. 75, 114, 128-129) At trial, DeCarlo was represented by Timothy Edwards. (Cr. Doc. 3.) On December 19, 2003, the district court sentenced DeCarlo to 121 months of imprisonment on the conspiracy count and sixty months of imprisonment on the firearms count, to be served consecutively, for a total term of 181 months' imprisonment. (Cr. Doc. 115.) The court also imposed concurrent supervised release terms of five years as to each count and special assessments totaling $200. (Cr. Doc. 115.)

On December 19, 2003, movant appealed contending that: (1) the evidence was insufficient to support his convictions, and (2) the district court erred in enhancing his sentence for obstructing justice and for playing a leadership role in the offense. (Cr. Doc. 119, Cr. Doc. 139.) The Eleventh Circuit affirmed his conviction and sentence in an unpublished opinion. (Cr. Doc. 139); United States v. Smith, 116 F. App'x 252 (11th Cir. 2004).

In 2005, the United States Supreme Court vacated the judgment of the Eleventh Circuit and remanded movant's case for reconsideration of light of United States v. Booker, 543 U.S. 220 (2005). DeCarlo v. United States, 546 U.S. 802 (2005). On remand, the Eleventh Circuit reinstated its prior decision affirming movant's convictions and sentence. United States v. DeCarlo, 173 F. App'x 778 (11th Cir. 2006).

Movant is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey. (Doc. 1.) His timely 28 U.S.C. § 2255 motion was filed on July 11, 2007, asserting the following grounds of relief:

(1) the evidence was insufficient to convict him of conspiracy

to distribute cocaine,

(2) counsel was ineffective for failing to present a "single transaction" defense to the conspiracy charge,

(3) counsel was ineffective for failing to call Rick Sumner[2] as a witness, and

(4) counsel was ineffective for failing to investigate.

(Id. at 7.)

Respondent filed an answer on September 25, 2007. (Doc. 5.) On October 17, 2007, movant filed a motion for an evidentiary hearing. (Doc. 6.)

## II. ANALYSIS

### A. Insufficient Evidence

Movant claims that the evidence was insufficient to convict him on the conspiracy charge. (Doc. 1 at 7.) On direct appeal, movant also challenged the sufficiency of the evidence to support

---

[2] In his § 2255 motion, DeCarlo refers to the allegedly exculpatory witness alternatively as "Summer" and "Summers," and fails to provide a first name. (Doc. 1 at 4, 6, 9-12, 14.) Apparently, an individual named Rick Sumner was present with DeCarlo and his codefendants at a meeting with an undercover agent and a government informant, but the government subsequently declined to prosecute him. (Doc. 5, fn.4)

4

his convictions. (Doc. 5, Ex. C.) The Eleventh Circuit found that movant's evidentiary sufficiency claims lacked merit and affirmed his conviction and sentence. (Id.)

"Absent extraordinary circumstances, this Court is precluded from considering claims in a Section 2255 motion which were raised and rejected on direct appeal." Davis v. United States, 417 U.S. 333, 342 (1974); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Marshek v. United States, 2006 WL 2036996, *7 (S.D. Ga. 2006).

Since movant fails to allege any "extraordinary circumstances" justifying reconsideration of issues previously considered and rejected by the Eleventh Circuit, his evidence insufficiency claim should fail.

## B. Ineffective Assistance of Counsel

Movant raises three claims of ineffective assistance of counsel in his § 2255 petition. As these claims were not available on direct appeal, United States v. Arango, 853 F.2d 818, 823 (11th Cir. 1988), they are not procedurally barred and are a proper subject for

collateral review. Massaro v. United States, 538 U.S. 500, 504 (2003); United States v. Merrill, 2008 WL 150764, *12 (11th Cir. 2008); United States v. Souder, 782 F.2d 1534, 1539-40 (11th Cir. 1986).

To establish ineffective assistance of counsel, movant must satisfy the two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, a movant must demonstrate that the defective performance prejudiced his defense to such a degree that the results of the trial are called into question. Id.

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below the wide range of competence demanded of attorneys in criminal cases." Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990); Brooks v. United States, 248 F. App'x 77, 80 (11th Cir. 2007). The

reasonableness of the attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; this is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the prejudice prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

With these considerations in mind, the Court will now address each of movant's ineffective assistance of counsel claims.

**1. Failure to Call Sumner as a Witness**

Movant asserts that his counsel performed ineffectively by failing to call Rick Sumner as a defense witness at trial. (Doc. 1 at 8.) Movant maintains that he expressed his desire to have Sumner testify, yet counsel "waived his appearance without Petitioner's consent." (Id. at 10.) He posits that if Sumner had testified, he would have corroborated codefendant Smith's testimony refuting the existence of conspiracy.[3] (Id.) In addition, Sumner's testimony allegedly would have impeached Fox's testimony. (Id.) Finally, movant alleges that Sumner's statements would have demonstrated that he was not part of the conspiracy.[4] (Id.)

"Generally, trial tactics are for defense counsel to formulate[,] [and] the decision as to which witnesses to call is an aspect of trial tactics that is normally entrusted to counsel." Blanco v. Singletary, 943 F.2d 1477, 1495 (11th Cir. 1991); United States v. Teague, 953 F.2d 1525, 1536 (11th Cir. 1992). The decision to call some

---

[3] Although Smith testified at trial that he knew nothing about the cocaine, and that he and the others had come from Florida to Georgia to meet women, the jury nonetheless convicted him of conspiracy. (See Trial Tr. At 278-82, 289, 292-93).

[4] As set forth previously, to the extent that movant is attempting to challenge the sufficiency of the evidence to support his conspiracy conviction, that argument is foreclosed by the prior adverse litigation of this issue on appeal.

8

witnesses at trial and not others is "the epitome of a strategic decision." Temple v. Morton, 2007 WL 2141823, *2 (11th Cir. 2007) (quoting Waters v. Thomas, 36 F.3d 1506, 1512 (11th Cir. 1995)). "In order to show that an attorney's strategic choice was unreasonable, a petitioner must establish that no competent counsel would have made such a choice." Provenzano v. Singletary, 148 F.3d 1327, 1332 (11th Cir. 1998); Garvin v. United States, 2006 WL 3254493, *7 (S.D. Ga. 2006). Since courts give great deference to choices made by defense counsel at trial that are arguably dictated by a reasonable trial strategy, strategic choices made after a thorough investigation of the law and facts are virtually unchallengeable. Strickland, 466 U.S. at 690-91; Jennings v. McDonough, 490 F.3d 1230, 1244 (11th Cir. 2007); Stephenson v. Kemp, 2007 WL 2874319, *9 (S.D. Ga. 2007); Blankenship v. Terry, 2007 WL 4404972, *7 (S.D. Ga. 2007).

Although counsel admittedly interviewed Sumner prior to trial, he declined to call him as a defense witness. (Doc. 1 at 9.) Movant notes that Sumner told his counsel that he was not aware of, invited to participate in, or involved in the conspiracy; that he

neither witnessed conversations nor conduct relating to the conspiracy; that he did not observe the presence of cocaine in Orlando or Georgia; that he knew nothing of the two males who allegedly came to Savannah in a Volkswagen Jetta to pick up the cocaine at the motel; and that he knew neither Ferguson nor Bren. (Doc. 1 at 10).

The prosecuting Assistant United States Attorney noted in his opening statement that Sumner was not arrested because he was not present during the cocaine negotiations between the charged coconspirators and because his voice was not on the taped conversations. (Trial Tr. at 67.)

DEA Task Force Agent Russell Smith also testified that although Sumner was present at the Villager Lodge, he was not prosecuted because he was not a party to any of the conversations at the hotel and because he was not on any of the taped conversations. (Id. at 104.) In addition, Smith testified that when he attempted to talk with Sumner at the scene, he refused to make any statements. (Id. at 295.) He further testified that when Mr. Fox was debriefed, he told Smith that Sumner was not present

during the meeting in Orlando when they first got the drugs, that he drove a separate vehicle to Savannah, and that he was not present when the drugs were delivered or taken away from the hotel. (Id. at 297.) The INS eventually deported Sumner to the Bahamas. (Id. at 68, 107.)

Fabian Fox testified that Sumner was not present in Orlando when "the Fat Man" delivered the cocaine to him, DeCarlo, and Smith. (Id. at 226.) He further testified that Sumner came from Miami to Savannah in a different car than the rest of the coconspirators. (Id.) Fox also testified that when two men left the motel with the cocaine, Sumner stayed at the motel. (Id. at 230.)

DeCarlo's codefendant, Lamont Smith, testified that Sumner showed up at the motel about an hour after he, DeCarlo, and Fox arrived. (Trial Tr. at 268.) Although Sumner was with DeCarlo, Fox, and Smith at the motel when they were arrested, Smith and the others left Sumner in the hotel room for a period of time because Smith did not feel comfortable around him. (Id.)

11

Based on the record, movant's claim that his counsel was ineffective for failing to call Sumner as a witness is without merit. Seemingly, movant would have liked Sumner to testify regarding his lack of knowledge of the conspiracy and his failure to see the two men pick up the cocaine from the motel. (Doc. 1 at 11.) All of these points were testified to by other witnesses at the trial; Sumner's testimony would merely have been cumulative on those points. In addition, Sumner's alleged statements to DeCarlo's counsel did not exculpate DeCarlo; rather they were only exculpatory as to Sumner himself. Since movant has failed to show that counsel's decision not to call Sumner was unreasonable and has failed to show any resulting prejudice, this claim should fail.

### 2. Failure to Present the "Single Transaction" Defense

Movant claims that his counsel was ineffective for failing to present a single transaction defense to the conspiracy charge. (Doc. 1 at 16.)

At trial, movant's counsel argued that the government could not prove beyond a reasonable doubt that there was any conspiracy

to distribute cocaine and that the government could not prove that DeCarlo possessed a firearm. (Trial Tr. at 71.) He also argued that there were no discussions to conclude a drug deal involving movant and that no drugs were present at the meeting site of the alleged transaction. (Id. at 71-72.) Finally, counsel argued that the government's witnesses were lying to save their own skins and receive lighter sentences. (Id. at 72.) Specifically, counsel argued that the evidence was insufficient to find that movant had been involved in a drug conspiracy or in the possession of a firearm. (Id. at 313-316.)

The decision of whether to pursue a particular defense is a strategic decision left to counsel, and the Court will not second-guess counsel's decision. Felker v. Thomas, 52 F.3d 907, 912 (11th Cir. 1995); Stanley v. Zant, 697 F.2d 955, 964 (11th Cir. 1983). "Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000). "[C]ounsel's reliance on particular lines of defense to the exclusion of others—whether or not he investigated those other defenses—is a matter of strategy

and is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable." Id. at 1318. The range of what might be a reasonable approach is broad. Id. at 1313.

Based on its review of the record, the Court finds that counsel was not unreasonable in urging the defenses he presented to the exclusion of the single transaction defense. Since movant has failed to show that "particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance,'" id. at 1314; Burger v. Kemp, 483 U.S. 776, 795 (1987); Strickland, 466 U.S. at 689, his claim that counsel was ineffective for failing to present the single transaction defense must fail.

### 3. Failure to Investigate

Movant claims that counsel was unprepared for trial and was ineffective as a result. Movant argues that counsel failed to investigate since he did not call Mr. Sumner as a witness and because he did not present the "single-transaction" defense. (Doc. 1 at 16.)

In reviewing the trial transcript and applying the Strickland standard as stated above, this Court has discredited all of movant's claims of ineffective counsel. Movant admits that counsel interviewed Sumner yet decided not to call him as a witness. (Doc. 1 at 9-10.) The trial transcript indicates that counsel was well prepared for trial and thoroughly investigated the case.

The Eleventh Circuit has recognized a strong presumption that counsel's decisions at trial constitute sound trial strategy. Jennings v. McDonough, 490 F.3d 1230, 1234 (11th Cir. 2007); Strickland, 466 U.S. at 689. Movant "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

In this case, the facts, as pled by movant, fail to overcome the presumption of effectiveness in his trial counsel's development of trial strategy. Movant has failed to "establish that no competent counsel would have taken the action that his counsel did take." Chandler, 218 F.3d at 1315. Therefore, this claim must fail.

## III. CONCLUSION

For the foregoing reasons, the Court finds that movant fails to state grounds on which § 2255 relief may be granted. Accordingly, the instant motion should be **DENIED**.[5]

**SO REPORTED AND RECOMMENDED** this 7th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] The Court **DENIES** as moot movant's pending request for an evidentiary hearing. (Doc. 6.)